IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ONE HEWLETT PACKARD PAVILION
LAPTOP (SERIAL NO. CNF75237NC),
ADAPTOR, AND VISUAL DEPICTIONS ON
THE HARD DRIVE,

Defendant.
_____/

No. C 09-02664 WHA

**ORDER TO STAY PROCEEDING**

**INTRODUCTION**

In this civil forfeiture suit, claimant Andrew Samuel Hanson moves unopposed to stay all proceedings in this case pursuant to 18 U.S.C. 981(g). As there is a high degree of similarity between the parties of this case and a related criminal investigation such that it is impossible to proceed with this civil forfeiture action without burdening the rights and abilities of the claimant, the motion is **GRANTED**.

**STATEMENT**

The government alleges in this action that defendant properties contained images of child pornography, and thus are subject to forfeiture under 18 U.S.C. 2251 as properties used to promote the sexual exploitation of children. The government has commenced a criminal

investigation regarding the alleged images, to determine whether to proceed with criminal allegations against claimant as the owner of the properties.

## ANALYSIS

As the government is conducting a criminal investigation in which the properties and claimant are involved, claimant has requested a stay of the proceedings which the government does not oppose. Under 18 U.S.C. 981(g)(2):

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that--
>
> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

The Court finds that claimant is the subject of a criminal investigation related to this civil forfeiture action, and has standing to assert a claim to the properties at issue. The Court also finds that civil discovery in this action directed to claimant will burden his rights against self-incrimination in the related criminal investigation. Without a stay in this action, claimant as the owner of the properties will likely be forced to choose between complying with discovery in this matter and exercising his privilege against self-incrimination in the criminal investigation. For good cause appearing, it is therefore ordered that this civil forfeiture action be stayed pursuant to 18 U.S.C. 981(g).

This stay, however, will not be for an indefinite amount of time but for only 180 days, as the Supreme Court has held that stays which are indefinite will not be upheld. *Landis v. North American Co.*, 299 U.S. 248, 257 (1936). The Court will continue to monitor the litigation and ensure that it proceeds in a timely manner.

## CONCLUSION

For the reasons stated above, the unopposed motion to stay all proceedings in this case is **GRANTED** and all proceedings herein are hereby stayed until **MARCH 19, 2010**. A case

management conference will be held on **MARCH 18, 2010, AT 11:00 A.M.** The parties will be required to file a joint case management conference statement by **MARCH 11, 2010**.

**IT IS SO ORDERED.**

Dated: September 21, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE